**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN KELLEHER, an individual, | No. 11-55159 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00832-JFW-VBK |
| v. | |
| HERTZ CORPORATION, a Corporation Erroneously Sued As The Hertz Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 11, 2012[**]
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for Alaska, sitting by designation.

Kevin Kelleher ("Plaintiff") appeals the district court's grant of summary judgment to his former employer, Hertz Corporation ("Hertz"), in Plaintiff's diversity action alleging age discrimination in violation of California Government Code Section 12940 and wrongful termination in violation of public policy. Both claims rely on Plaintiff's allegation that Hertz engaged in unlawful age discrimination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

California has adopted the Supreme Court's three-step burden shifting test for discrimination claims set forth in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792 (1973). *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). Plaintiff must first establish a prima facie case of age discrimination by providing evidence that: "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Id.* If the plaintiff establishes this prima facie case, the employer must rebut the presumption of age discrimination that arises by presenting a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 1114; *Reeves v. MV Transp., Inc.*, 111 Cal. Rptr. 3d 896, 902 (Ct. App. 2010).

"If the employer sustains this burden, the presumption of discrimination disappears." *Guz*, 8 P.3d at 1114. To defeat a summary judgment motion, the "employee must then offer substantial evidence that the employer's stated nondiscriminatory reason for the adverse action was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a combination of the two, such that a reasonable trier of fact could conclude the employer engaged in intentional discrimination." *MV Transp., Inc.*, 111 Cal. Rptr. 3d at 902 (internal quotation marks and citations omitted).

Here, Plaintiff introduced evidence sufficient to make out a prima facie case of age discrimination, because (1) he was over the age of 40, and thus a member of a protected class, (2) he was qualified for the restructured Santa Barbara Area Manager position, (3) he was laid off, and (4) Hertz retained two managers aged 31 to the restructured positions.

However, Hertz was able to rebut the presumption of age discrimination based on Hertz's restructuring model that focused on factors such as (1) Plaintiff's performance and experience in comparison with other employees, (2) geographic considerations, and (3) the most efficient span of control for managers.

Therefore, the burden again shifted to Plaintiff to introduce specific and substantial evidence that Hertz's business reasons were pretextual or untrue. The

district court correctly found that Plaintiff failed to meet this burden, because

Plaintiff did not provide specific and substantial evidence of age discrimination.

*See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998).

**AFFIRMED.**